UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER
BUILDING & U.S.
COURTHOUSE
402 EAST STATE STREET
TRENTON, NJ 08608
609-989-2123

LETTER ORDER

Re:    *United States v. Carlos Duvergel* (Crim. No. 19-922)

**THIS MATTER** comes before the Court upon *pro se* Defendant Carlos Duvergel's ("Defendant") "Motion to Clarify or Temporarily Modify Conditions of Supervised Release." (ECF No. 322.) For the reasons stated herein, Defendant's motion is **DENIED.**

After a jury found Defendant guilty on both Counts of a Superseding Indictment for violations of 18 U.S.C. § 371 (Conspiracy to Transport Stolen Property in Interstate Commerce) and 18 U.S.C. §§ 2, 2314 (Interstate Transportation of Stolen Property), the Court sentenced Defendant in January 2023 to 33 months imprisonment on each Count with concurrent terms, followed by three years of supervised release. (ECF No. 219.) The Court also ordered that Defendant make restitution in the amount of $1,355,000 to relevant victims, with a minimum payment of $50 per month. (*Id.* at 7–8.)

On May 18, 2026, Defendant filed a "Motion to Clarify or Temporarily Modify Conditions of Supervised Release." (ECF No. 322.) Specifically, Defendant—who is currently on supervised release and has been ordered to make restitution payments and maintain full-time employment—avers that he cannot lawfully work in the United States while his employment authorization remains pending with "the appropriate immigration authorities and [that] that application has been pending for several months." (*Id.* at 3.) Defendant requests the Court to "[c]larify" the employment requirements of his supervised release while his application remains pending, or alternatively "[t]emporarily modify the restitution payment schedule, if appropriate, until [he] receives employment authorization." (*Id.* at 4.)

A sentencing court may "modify, reduce, or enlarge the conditions of supervised release[ ] at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3583(e)(2). A sentencing court has "broad discretion" under § 3583(e)(2). *United States v. D'Ambrosio*, 105 F.4th 533, 539 (3d Cir. 2024). However, before modifying the conditions of a defendant's supervised release, § 3583(e) directs a court to first consider the following § 3553(a) factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
[. . .]

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

[. . .]

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement—

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a); *see* 18 U.S.C. § 3583(e).

When considering a motion to modify restitution payments, "the Court … has jurisdiction to alter the payment plan in accord with 18 U.S.C. § 3664(k) upon a showing of a material change in circumstances by a Defendant." *United States v. Sporrer*, No. 09-311, 2014 WL 580919, at *2 (W.D. Pa. Feb. 13, 2014) (citing *United States v. Banks*, 430 F. App'x 179 (3d Cir. 2011)); *see also id.* (finding that courts determine material change by assessing "any and all financial information provided by Defendant and the status of his payment of his restitution obligations"). In order to effectuate a modification of a restitution order, moreover, Section 3664(k) requires "certification from the Attorney General that those owed restitution have been informed of the defendant's changed circumstances." *United States v. Bernard*, 2019 WL 581285, at *2 (D.N.J. Feb. 11, 2019) (quoting *United States v. Jackson-El*, 179 F. App'x 147, 149 (3d Cir. 2006)).

Having considered the § 3553(a) factors, the Court denies Defendant's request for a temporary exemption from his obligation to maintain employment. As a condition of his supervised release,

Defendant's probation officer can excuse him from his employment obligations. (ECF No. 219 at 5.) "Probation officers have broad statutory authority to advise and supervise probationers, and to 'perform any other duty that the court may designate.'" *United States v. Pruden*, 398 F.3d 241, 250 (3d Cir. 2005) (cleaned up) (quoting 18 U.S.C. § 3603(10)). The Court may impose a particular condition of supervised release on a defendant while granting their probation officer the discretion to exempt the defendant from that condition. *United States v. Maurer*, 639 F.3d 72, 85–86 (3d Cir. 2011).

Defendant does not indicate whether he ever requested his probation officer to exempt him from his employment obligation, and if so, how the probation officer responded to this request. In the event Defendant did not seek this authorized exemption from his probation officer, his present request is premature. Because Defendant will be in regular contact with his probation officer during his term of supervised release, the officer is well-placed to periodically verify Defendant's ability to legally work and determine whether he continues to require an exemption.[1]

The Court also denies Defendant's request to temporarily modify his obligation to pay restitution under Section 3664(k). Defendant does not—in his motion or otherwise—indicate his compliance with 3664(k)'s mandate that he notify the Attorney General of his temporary inability to pay restitution. Further, the Attorney General did not file the required certification stating that the victims in this case were informed of Defendant's changed circumstances. Further, despite his asserted unemployment, Defendant provides no information whatsoever about his financial status to indicate that he cannot make his $50 monthly restitution payments. *See Sporrer*, 2014 WL 580919, at *2 (explaining that defendant seeking suspension of restitution payments needed to provide evidence "such as bank accounts, savings accounts and the like[], his salary in his prior position, or any details of his actual expenses which he claims he cannot maintain" in support of motion). Accordingly, the Court declines to temporarily modify Defendant's restitution payment schedule.

For the foregoing reasons, Defendant's various requests are **DENIED**. The Clerk is directed to **CLOSE** the motion at ECF No. 322 and to mail a copy of this letter to Defendant's address of record.

> **IT IS SO ORDERED.**

Dated: June 29, 2026

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

---

[1] Defendant's motion includes the cover page for an exhibit titled "Receipt Notice for Pending Employment Authorization Application And My Status With Immigration." (ECF No. 322 at 7.) However, Defendant's motion does not contain a copy of the exhibit, and he has not subsequently filed the exhibit on the docket. (*See generally id.*)